26 F.3d 140
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rochester HOLMES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3538.
 United States Court of Appeals, Federal Circuit.
 May 11, 1994.
 
 Before RICH, NIES, and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rochester Holmes appeals the decision of the Merit Systems Protection Board (MSPB), Docket Number CH0752920356-I-2, dismissing his appeal as untimely filed.* We affirm.
 
 BACKGROUND
 
 2
 Following his removal from his position as a Maintenance Programs Specialist with the United States Postal Service (USPS), petitioner filed an appeal with the MSPB on March 14, 1992. The MSPB issued an order for the USPS to respond by April 8, 1992; when no response was forthcoming, the MSPB again ordered the agency to respond on April 22, 1992. The USPS filed its response on May 4, 1992, and moved for a waiver of the time limit, explaining that the delay was due to the loss of the original order "in transit" between two offices. Without considering the agency's motion, the Administrative Judge (AJ) dismissed the appeal without prejudice on May 28, 1992, pursuant to the parties' joint motion. In accordance with an agreement of the parties, the AJ's order provided in pertinent part that Holmes could refile his appeal within six months from July 2, 1992.
 
 
 3
 Petitioner refiled his appeal on January 26, 1993; it was received three days later, twenty-seven days after the expiration of the agreed period. He then moved for acceptance of the late refiling, explaining that the delay was due to his counsel's clerical error. The AJ issued an initial decision dismissing the appeal as untimely on April 20, 1993, based upon an insufficiency of "factual allegations to show a reasonable explanation for failing to re-file" the appeal. Following denial of petitioner's petition for review by the MSPB, this appeal was taken.
 
 DISCUSSION
 
 4
 The MPSB may waive a filing deadline if the appellant shows good cause for his delay. 5 C.F.R. Secs. 1201.12, 1201.56(a)(2) (1993). In order to show good cause, it must be shown that "under the circumstances, a petitioner exercised diligence or ordinary prudence." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc ). Reviewing the entire record under the limited standard of review we are bound to apply under 5 U.S.C. Sec. 7703 (1988), we conclude that the MSPB's decision to dismiss petitioner's appeal as untimely filed, based upon its refusal to waive the time limit, was not arbitrary, capricious, or an abuse of discretion, and was in accordance with law.
 
 
 5
 As the petitioner was one of the parties who agreed to the six-month deadline, and has not suggested any circumstance which affected his ability to comply with that deadline, petitioner did not meet his burden of demonstrating excusable delay. Mendoza, 966 F.2d at 653. Petitioner argues that the MSPB had previously treated the government more favorably than he was treated in connection with meeting deadlines. However, the MSPB in fact never had to rule on whether the government's delay in answering the original complaint was excusable in view of the stipulated dismissal. In any event, the MSPB has broad discretion in deciding whether to waive time limits for filing an appeal, and this Court will not substitute its judgment for that of the MSPB. Id. Finally, mistake of counsel does not excuse a late filing because petitioner is bound by the acts and omissions of his chosen representative. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434 (Fed.Cir.1986). Accordingly, the decision of the MSPB is affirmed.
 
 
 
 *
 The Administrative Judge issued an initial decision on May 28, 1992. This became the final decision of the MSPB when the petitioner's petition for review was denied on August 2, 1993